<small>NOT FOR PUBLICATION OR CITATION</small>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| THOMAS SCOTT SOUTHERN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-536-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| OFFICER JIM ENGLAND, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Thomas Scott Southern, an individual presently confined at the Green River Correctional Complex in Central City, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, together with an application to proceed *in forma pauperis*. His motion will be granted by separate Order. The complaint is before the Court for initial screening.[1] 28 U.S.C. §1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons discussed below, the complaint will be dismissed.

---

[1] This is a *pro se* pleading and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition/complaint must be taken as true and construed in favor of the *pro se* litigant. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

## CLAIMS AND DEFENDANTS

The Plaintiff claims that the Defendants have violated his civil rights by denying him a fair trial in state court.  The Plaintiff has named two Defendants:  the Middlesboro, Kentucky, Police Department and Middlesboro Police Officer Jim England, in his individual and official capacities.  Additionally, Southern has alleged that Unknown John and Jane Does are also responsible and will be sued in their individual and official capacities.

## FACTS

The Plaintiff has submitted a 4-page, typewritten complaint, to which he has attached numerous documents.  However, it is the opinion of the State Supreme Court affirming his 2004 convictions, *Southern v. Commonwealth*, 2006 WL 141608 (Ky. 2006) (not reported in S.W.3d), that provides a clear version of the relevant background.

In 2002, Southern's 14-year old daughter told officials that her father had been raping her for three years.  An investigation was begun, with Defendant England in charge.  In 2003, Plaintiff was indicted by a grand jury in (Bell Circuit Court, Case No. 03-CR-00068) two counts of Rape in the First Degree and one count of Sodomy in the First Degree.

In January of 2004, a jury convicted the Plaintiff on all counts.  Pursuant to the jury's recommendation, Southern was sentenced to an aggregate of thirty (30) years in the state penitentiary.  He appealed his conviction to the Supreme Court of Kentucky, as a matter of right, on several grounds.  On January 19, 2006, that Court issued the above-referenced decision, rejecting  all of his claims of error and affirming his conviction.  Southern is currently serving his 30-year sentence.

2

In the instant case, the Plaintiff alleges that Defendant England was the supervising state authority for the investigation and that he abused that authority.  As a result, the Plaintiff alleges that England contributed to his "false" conviction and incarceration.  He specifically contends that the police officer mishandled hair evidence; improperly conducted a search of his residence, including his bed; tried to kill him and intimidate his family; and joined the judge and prosecuting attorney in their successful efforts to obtain his conviction, despite his actual innocence.

## RELIEF REQUESTED

Southern asks this Court to review this case together with two other §1983 cases which he has filed about the above-described conviction;[2] to order a criminal investigation into the defendants' roles in his prosecution; and to award him monetary damages.

## DISCUSSION

To establish a right to relief under §1983 in this or any of his other civil actions which will be screened separately, the Plaintiff must plead and prove two essential elements.  First, the Plaintiff must show that he has been deprived of rights secured by the Constitution or laws of the United States.   Second, the Plaintiff must demonstrate that the Defendants allegedly depriving him of those rights acted under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

---

[2]      Southern filed three §1983 lawsuits in this Court simultaneously, all seeking damages from participants involved in his prosecution and conviction.  In *Southern v. Bowling*, Civil Action No. 6: 06-537-DCR, he has named the presiding judge as the sole defendant; and in *Southern v. Blondell*, Civil Action No. 6: 06-538-DCR, he has named the Commonwealth Attorney who prosecuted him.

Here, the Plaintiff has alleged that Defendant England violated his right to a fair trial, as guaranteed in the U.S. Constitution, and that this Defendant's actions in the criminal investigation and prosecution against the Plaintiff were made under the authority of state law. However, Southern is currently not in a position to file a §1983 action. At best, his claim is premature. At worst, he may never be able to file such an action against England or any other police officer.

In essence, Southern has attempted to use a civil proceeding, brought pursuant to 42 U.S.C. §1983, to challenge the same convictions which the state courts held to be valid. Southern may not do this in a civil rights complaint, however. To the extent that he seeks release from an illegal conviction and/or sentence, he essentially seeks a writ of habeas corpus and must proceed according to habeas law. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Dixon v. Alexander*, 741 F.2d 121, 124-25 (6th Cir. 1984). "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). "Section 1983 should not be used to make an end run around habeas corpus procedures." *Foster v. Kassulke*, 898 F.2d 1144, 1148 (6th Cir. 1990).

Therefore, to the extent that the Plaintiff seeks relief from his convictions and/or sentences, consistent with the foregoing, this Court will not entertain his claims on the merits in a Section 1983 proceeding. Plaintiff Southern may seek relief from the conviction and sentence only by filing a petition for writ of habeas corpus under 28 U.S.C. §2254, after exhaustion of

4

state court remedies and within the time frame of the statute. *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985) (citing *Preiser*, 411 U.S. at 482). *See also N.A.A.C.P. v. Detroit Police Officers Ass'n.*, 900 F.2d 903 (6th Cir. 1990) (citing *Preiser*, 411 U.S. at 489-90).

Moreover, to the extent that Southern seeks damages for purported illegal convictions, he is advised that the Supreme Court of the United States has barred such relief *via* a Section 1983 proceeding until and unless the convictions have been invalidated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This is often referred to as the "favorable termination rule."

Shortly after the Supreme Court's *Heck* decision, *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995) was decided in this circuit. *Schilling* involved a §1983 action for damages for an illegal search of plaintiff's car which resulted in plaintiff's being charged with driving under the influence of drugs. The district court had declared it would dismiss without prejudice unless "plaintiff amends the complaint to allege that he suffered no criminal conviction as the result of

5

the alleged illegal . . . search and seizure or that such conviction has been set aside. . . ." *Id.* at 1083.

Because the Plaintiff in *Schilling* could not invalidate the conviction, his civil action was dismissed. More recently, *Heck*'s favorable termination rule was examined and held to bar an excessive force claim. *Ruiz v. Martin*, 72 Fed.Appx. 271 (6th Cir. 2003) (citing *Huey v. Stine*, 230 F.3d 226, 230-31 (6th Cir. 2000)).

Applying *Heck* and its progeny to this case and finding the rationale to be applicable here, this Court finds that a judgment in favor of Plaintiff Southern on his claims herein would necessarily imply that his rape and sodomy convictions are illegal. In fact, that is exactly what he alleges and exactly what he asks this Court to conclude. Thus, the Plaintiff's claim for damages is not yet cognizable under 42 U.S.C. §1983, and dismissal, without prejudice, is required until a favorable judicial determination occurs.

Finally, with regard to Plaintiff's request to have the Court pursue a criminal action against Defendant England, he is advised that he may not obtain this relief now or later. Authority to initiate the requested criminal complaints rests exclusively with state and federal prosecutors. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986). A federal court has no authority to do so. *Id.*; *see also Kennedy v. Anderson*, 373 F. Supp. 1345, 1346 (E.D. Okla. 1974).

<u>CONCLUSION</u>

Accordingly, the Court being sufficiently advised, it is hereby

6

**ORDERED** that this action will be **DISMISSED**, *sua sponte,* from the docket of the Court. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 4th day of January, 2007.

Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**

7